UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NELSON AMADOR, ET AL.                           CIVIL ACTION

VERSUS                                          NUMBER: 10-02014

DDS CONSTRUCTION, LLC, ET AL.                   SECTION: "C"(5)

**REPORT AND RECOMMENDATION**

Presently before the Court is plaintiffs' motion for a Report and Recommendation as to pro se defendant, Derek Campbell. (Rec. doc. 74).[1]/ Defendant has filed no opposition to plaintiffs' motion. For the reasons that follow, it is recommended that plaintiffs' motion be granted and that defendant's answer and defenses be stricken.

The above-captioned matter is an action for the alleged non-payment of wages and breach of contract in connection with a project known as the "Louisiana Katrina Cottages Fisher Housing

---

[1]/ Plaintiffs' motion was initially directed to both Derek Campbell and his wife, Shondrell Campbell, but was subsequently withdrawn as to Mrs. Campbell after she responded to plaintiffs' outstanding written discovery requests. (Rec. docs. 75, 80).

Development Site in New Orleans". (Rec. doc. 1). On October 14, 2011, plaintiffs filed a motion to compel under Rule 37, Fed.R.Civ.Pro., in which they argued, inter alia, that defendant, Derek Campbell, had not submitted responses to written discovery requests that they had propounded upon him on June 9, 2011 and again on July 18, 2011. (Rec. doc. 11). Defendant filed no opposition to plaintiffs' motion and on October 31, 2011, the Court granted plaintiffs' motion to compel as unopposed and ordered defendant to respond to plaintiffs' outstanding discovery requests within two weeks. (Rec. doc. 73). The order specifically cautioned defendant that his failure to do so would, upon plaintiffs' motion, result in the issuance of a Report and Recommendation recommending that his answer be stricken. (Id. at p. 2).

Well after the allotted two weeks had passed, plaintiffs filed the motion that is presently before the Court, representing therein that defendant had still not properly responded to their outstanding discovery requests as was directed. (Rec. doc. 74). More specifically, the responses that plaintiffs received contain only the notation "NA" behind each request in handwriting that is extremely similar to Mrs. Campbell's and the Court notes that the responses were not personally signed by Mr. Campbell as required by Rule 26(g), Fed.R.Civ.Pro. (See rec. doc. 75-2, pp. 21-29). Plaintiffs also reported that the defendant and his wife had not

2

provided them with available dates for their depositions despite repeated demand. (Rec. doc. 74-1, p. 4). Once again, defendant filed no memorandum in opposition to plaintiffs' motion. (Rec. doc. 80). This Report and Recommendation thus follows.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure enumerates seven forms of sanctions that can validly be imposed where a party fails to obey a court order to provide discovery which may include the following:

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purpose of the action, as the prevailing party claims;
    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii)    striking pleadings in whole or in part;
    (iv)    staying further proceedings until the order is obeyed;
    (v)    dismissing the action or proceeding in whole or in part;
    (vi)    rendering a default judgment against the disobedient party; or
    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

A district court possesses considerable discretion in imposing sanctions under Rule 37. McLeod, Alexander, Powel & Apffel, 894 F.2d 1482, 1486 (5th Cir. 1990)(quoting Sciambra v. Graham News Co., 841 F.2d 651, 655 (5th Cir.), cert. denied, 488 U.S. 855, 109 S. Ct. 143 (1988)).

As noted above, defendant, Derek Campbell, has not provided plaintiffs with proper, signed responses to their written discovery requests. It also appears that the defendant has not cooperated with plaintiffs' counsel in the scheduling of his deposition. Without this needed discovery, plaintiffs' efforts in preparing this case for trial are hampered and threaten to upset the scheduled trial. (See rec. doc. 77). Despite the specific threat of having his answer stricken, defendant has still not responded to plaintiffs' outstanding discovery requests nor has he filed a memorandum in opposition to plaintiffs' motion. As defendant is unrepresented by counsel, these failures are attributable to him alone and evince a clear disregard for the judicial process and the Court's orders. Accordingly, it will be recommended that the answer filed herein as it relates to defendant, Derek Campbell, be stricken.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the answer filed herein as it relates to defendant, Derek Campbell, be stricken.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  30th  day of    January   , 2012.

<i>Alma L. Chasez</i><br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE