UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NELSON AMADOR,  CIVIL ACTION
JUAN AGUILAR,
MIGUEL CARTAGENA, and
CARLOS HERNANDEZ

VERSUS  NO. 10-2014

DDS CONSTRUCTION, L.L.C.,  SECTION: "C" (5)
HARRIS BUILDERS, L.L.C.,
SHONDRELL CAMPBELL, and
DEREK CAMPBELL

## ORDER

Before the Court is the Motion for Summary Judgment filed by Plaintiff Miguel Cartagena against Defendant Shondrell Campbell. (Rec. Doc. 90). Having reviewed the memoranda of counsel, the record, and the law, the Court grants the Motion for the following reasons.

## I. BACKGROUND

Plaintiff Miguel Cartagena was hired by DDS Construction, LLC ("DDS"), a subcontractor of Harris Builders, LLC ("Harris"), and Shondrell Campbell, an owner and/or member and/or manager of DDS, to perform construction work on the Louisiana Katrina Cottages Fisher Housing Development Site in New Orleans, Louisiana ("Project"). (Rec. Doc.

1

90, Ex. A at 4). Cartagena alleges that he was not paid for work he performed in or around March of 2010. (Rec. Doc. 1 at ¶ 18). After making oral and written demands for the amount due, he, Campbell, and DDS's supervisor, Elsa Mity, signed a Receipt and Release agreement on April 20, 2010, in which Cartagena stated

> I . . . do hereby declare, certify, and state that I acknowledge receipt on this date of the payment of the total sum of $10,300 (hereinafter, "PAYMENT") for work I performed for DDS Construction, LLC under a subcontract agreement between DDS and Harris on the construction project known as the "Louisiana Katrina Cottages Fisher Housing Development Site New Orleans, Louisiana. . . . For the sole and exclusive consideration of the hereinabove mentioned PAYMENT, the adequacy and sufficiency of which is hereby acknowledged, I hereby certify that I have been paid in full for all work I or my representatives performed on the Project as of the date of this document.

(Rec. Doc. 90, Ex. B, at 1). As a result of this agreement, Campbell issued four (4) checks to Cartagena from her personal bank account: (1) check number 8525 dated April 20, 2010 in the amount of $2,000; (2) check number 8526 post-dated May 20, 2010 in the amount of $2,000; (3) check number 8527 post-dated June 20, 2010 in the amount of $2,000; and (4) check number 8528 post-dated July 20, 2010 in the amount of $4,300. (Rec. Doc. 90, Ex. C).

On April 21, 2010, the day after issuing the checks to Cartagena, Campbell ordered the bank to "stop payment" on check number 8525 and check number 8526, as shown in copies of the stop payment orders that she signed. (Rec. Doc. 90, Ex. E). Campbell also admitted that she made stop payment orders on the two other checks (Rec. Doc. 90, Ex. A, at 4), although the record does not contain copies of those orders.

On May 13, 2010, Cartagena sent a letter via certified mail to Campbell for payment of check number 8525 and check number 8526 indicating that the checks had been dishonored due to stop payment (check number 8525) and insufficient funds (check number 8526). (Rec. Doc. 90, Ex. G at 1). The letter was delivered to Campbell on June 17, 2010. (Rec. Doc. 90, Ex. G at

2

4).  Cartagena later attempted to deposit the two other checks, check number 8527 and check number 8528, but those checks were dishonored because Campbell had closed her account. (Rec. Doc. 90, Ex. H at 1-2).  Cartagena alleges that Campbell did not inform him that she had closed her account.  (Rec. Doc. 90-1 at 4).  Cartagena filed this suit against Campbell for damages for the dishonored checks under Louisiana Revised Statute Sections 9:2782 and 9:2782.2(A) and for breach of the Receipt and Release agreement promising total payment of $10,300 for the work he had performed on the Project.

## II. LAW & ANALYSIS

Summary judgment is proper only when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1996).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d

1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on unsubstantiated assertions and conclusory allegations. *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994).

> Louisiana law provides the following remedy for dishonored checks:
>
> A. Whenever any drawer of a check stops payment on the check with the intent to defraud or when there is no justifiable dispute as to the amount owed or the existence of the obligation, the drawer shall be liable to a holder in due course as defined in R.S. 10:3-302, or a person subrogated to the rights of such holder, for damages of twice the amount so owing, but in no case less than one hundred dollars, plus attorney fees and court costs, if the drawer fails to pay the obligation created by the check within thirty days after receipt of written demand for payment thereof substantially in the form provided for in Subsection C which notice is delivered by certified or registered mail.
>
> B. The holder in due course may charge the drawer of the check a service charge not to exceed fifteen dollars or five percent of the face amount of the check, whichever is greater, when making written demand for payment.

La. R.S. § 2782.2(A)-(B).

> A. Whenever any drawer of a check dishonored for insufficient funds fails to pay the obligation created by the check within fifteen working days after receipt of written demand for payment thereof delivered by certified or registered mail, the drawer shall be liable to the payee or a person subrogated to the rights of the payee for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs.
>
> B. The payee, his agent or assignee, or a holder may charge the drawer of the check a service charge not to exceed twenty-five dollars or five percent of the face amount of the check, whichever is greater, when making written demand for payment. . . .

La. R.S. § 2782(A)-(B).

In his Motion, Cartagena claims he is due the following: (1) $2,000 for face value of check number 8525, statutory penalties of $2,000, and a service charge of $15; (2) $2,000 for face value of check number 8526, statutory penalties of $2,000, and a service charge of $25; (3) $2,000 for face value of check number 8527; (4) $4,300 for face value

of check number 8528; (5) all costs of the proceedings in the amount of $350; and (6) legal interest for these amounts from the date of judicial demand until paid. (Rec. Doc. 90-1 at 7-9).

   Cartagena alleges that the three latter checks were post-dated because he agreed to allow Campbell to pay him the full amount in a payment plan. Campbell argues instead that those checks were post-dated because they were for "future work" to be performed by Cartagena, and presumably, that this work was not performed and thus the face value of those checks are not due to Cartagena. (Rec. Doc. 95 at 2). However, the Receipt and Release agreement clearly states that "PAYMENT" was for work "performed" in the past tense. (Rec. Doc. 90, Ex. B at 1). Campbell points to no evidence supporting her theory.

   The Court finds there is no genuine issue of material fact that the $10,300 Campbell owed to Cartagena were owed for work Cartagena had performed for DDS and Campbell in the past. Accordingly, there is no justifiable dispute as to the amount Campbell owed Cartagena. Nor is there a genuine issue of material fact that Campbell failed to pay the amount owed to Cartagena within 30 days of receiving Cartagena's written demand for the amounts in check number 8525 and check number 8526. Cartagena has alleged that the checks were dishonored, and provided documentary evidence of the checks, the fact that they were dishonored, and the demand letter he sent on May 13, 2010 and which was delivered to Campbell on June 17, 2010. Campbell, on the other hand, has shown nothing to demonstrate that she does not still owe Cartagena for the work he performed. Furthermore, although Cartagena does not allege that he sent

a written demand to Campbell with regard to check number 8527 and 8528, such that his damages for those checks are not covered by Louisiana Revised Statute Sections 9:2782(A) or 9:2782.2(A), it cannot be disputed, based on the plain language of the Receipt and Release agreement, that he was owed the amounts in these checks.

The Court also finds that Cartagena's Motion is timely. Cartagena and the other Plaintiffs filed an unopposed Motion to Continue Deadlines and Trial on February 7, 2012, which the Court granted, and a new Scheduling Order was issued on February 18, 2012, setting new deadlines for trial and all pretrial deadlines. (Rec. Doc. 93). The trial is now set for October 22, 2012, and pretrial motions must be filed early enough to be taken under submission by August 29, 2012. Accordingly, the instant Motion, set for submission on February 29, 2012, is timely.

Nor does Cartagena's Motion fail because his signature on his Affidavit (Rec. Doc. 90, Ex. D, at 2) and on the Receipt and Release agreement (Rec. Doc. 90, Ex. B, at 2), are written differently. Both documents are notorized and Campbell provides no authority showing that this difference relates to the merits of the instant Motion.

Accordingly,

IT IS ORDERED that Plaintiff Miguel Cartagena's Motion for Summary Judgment against Defendant Shondrell Campbell is GRANTED. (Rec. Doc. 90). Campbell owes Cartagena the following amounts:

(1) $2,000 for face value of check number 8525, statutory penalties of $2,000, and a service charge of $15;

      (2) $2,000 for face value of check number 8526, statutory penalties of $2,000, and a service charge of $25;

      (3) $2,000 for face value of check number 8527; (4) $4,300 for face value of check number 8528;

      (5) all costs of the proceedings in the amount of $350; and

      (6) legal interest for these amounts from today's date.

      New Orleans, Louisiana this 29th day of May, 2012.

                                      HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE